CHICAGO—FIRST DISTRICT—MARCH, 1915.    585

Kennedy v. Great Lakes Dredge & Dock Co., 191 Ill. App. 585.

## C. W. Kennedy, ·Defendant in Error, v. Great Lakes Dredge & Dock Company, Plaintiff in Error.

### Gen. No. 20,456.

1.  SHIPPING, § 7*—*what sufficient compliance with requirement of Federal statutes as to navigation by licensed pilot.* Section 4426 of the Federal statutes providing that no small craft of specified kinds shall be navigated without a licensed engineer and a licensed pilot is not violated by the fact that a licensed master of such a craft, in control of its navigation, intrusts the physical handling of the wheel to a wheelsman not having a license as pilot or engineer.

2.  SHIPPING, § 7*—*when evidence not sufficient to show contributory negligence.* In an action to recover for loss of wearing apparel caused by the collision of the steamer of which plaintiff was captain with a scow in tow of defendant's tug, evidence that as the steamer was approaching the tug, which was on the wrong side of the channel, it signaled that it would hold its course and pass to the right, which was according to the rules of navigation, and that later on it repeated these signals, and that it did so hold its course, is not sufficient to show contributory negligence, even though the signals were not answered by the tug.

Error to the Municipal .Court of Chicago; the Hon GEORGE J. COWING, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 8, 1915.

KREMER & GREENFIELD, for plaintiff in error.

MENZ I. ROSENBAUM and MAURICE ALSCHULER, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff brought suit for loss of wearing apparel caused by the sinking of the steamer B. & C., of which he was captain, in a collision in the sanitary canal with a scow in tow of the tug McCarthy belonging to the defendant. Plaintiff had judgment for $175.

About eleven o'clock at night, in June, the B. & C. with scows in tow was going down the canal from Chicago, while the McCarthy with two scows in tow was

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

going up the canal towards the city. The canal at the place of the collision runs in a northeasterly and southwesterly direction, and counsel and the witnesses describe a vessel going northeast towards Chicago as going *up,* and when going in the opposite direction as going *down* the canal. It appears from the evidence that the rule of the road for vessels navigating the canal is that each vessel shall keep to its right. In violation of this rule the McCarthy with its tows was on the northerly side of the canal, that is, the McCarthy was ascending on the left side of the canal. It was thus in the direct path of the descending B. & C., which struck the McCarthy a glancing blow on its southerly side and collided almost head-on with the first scow following, and sank.

It is conceded by the defendant that a cause of the collision was the negligence of the McCarthy in being on the wrong side of the canal. Counsel for defendant say that the sole question for this court to determine is whether the plaintiff or any member of the crew of the B. & C. was guilty of any negligence which in any way contributed to the collision. That any contributory negligence by any of the crew would. bar a recovery is not controverted.

Plaintiff, a licensed master, about ten o'clock on the evening in question left the wheel in charge of James Doherty, who was not a licensed pilot but was a wheelsman with an experience of a great many years. Plaintiff went to different parts of the boat, the cabin, deck, toilet room, and was in the engine room at the time of the collision. Defendant contends that plaintiff in so doing was acting in violation of section 4426 of the Federal statutes. This section provides for the inspection of certain kinds of small craft propelled by steam, and also that "no such vessel shall be navigated without a licensed engineer and a licensed pilot," and also that in open steam launches of ten tons burden and under, one person may be both the pilot and the engineer. This statute is evidently intended to fix the official equipment as a condition under which the kinds

of vessels named shall be permitted to sail. It is not asserted that the B. & C. was not equipped officially in compliance with this statute; it had both a licensed engineer and a licensed pilot. We cannot see that this statute was intended to or does in terms cover the act of the plaintiff in leaving an experienced man at the wheel temporarily. We have examined other sections of the Federal statute but they do not seem applicable to this situation. A provision that no person shall be employed or serve "as a master, chief mate, engineer or pilot  *  *  *  who is not licensed," does not apply. It is evident that while Doherty may have had the physical handling of the wheel, plaintiff, as captain or master, was all the time in control of the navigation of the steamer, and Doherty was in no sense employed or serving as the master or pilot.

We fail to see any contributory negligence in the conduct of the plaintiff. Neither do we find such negligence on the part of the wheelsman, Doherty. The B. & C. was keeping in its proper path, and shortly before the collision had signaled to another ascending steamer, the Heath, that it would keep to the right in passing. It is a fair inference that the wheelsman of the McCarthy heard this and had notice of the approach of the B. & C. on the right side of the canal. A later signal was given by the B. & C. of its intention to pass the McCarthy on the right, but the McCarthy did not answer these signals. Under such circumstances the B. & C. would be justified in continuing in its course upon the assumption that the McCarthy would make way, but even if this were not so it certainly would have been an error, in the absence of any contrary signals from the McCarthy, for the B. & C. to have changed its course and attempted to pass on the wrong side.

Other points have been considered, but we see no reason to conclude that the finding is improper. Hence the judgment is affirmed.

*Affirmed.*